**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

ZEPHANEAH RENTON, on behalf of herself
and all others similarly situated,

      Plaintiff(s),
      v.

5th BITE OF THE APPLE LLC
d/b/a BLACK ROCK BAR & GRILL
FT. LAUDERDALE, a Florida
limited liability company,

      Defendant.
_____/

## CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, ZEPHANEAH RENTON ("Plaintiff") on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. § 448.440, and Art. X, Sec. 24 of the Florida Constitution, files this Class/Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, 5th BITE OF THE APPLE LLC d/b/a BLACK ROCK BAR & GRILL FT. LAUDERDALE, (hereinafter "Defendant"), for its failure to pay restaurant Servers and Bartenders state and federal minimum wages during the relevant time period, as follows:

## INTRODUCTION

1.     Plaintiff brings this class/collective action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida Constitution on behalf of herself and all restaurant Servers and Bartenders who work or have worked at Black Rock Bar & Grill located at 6200 N. Federal Highway Fort Lauderdale, Florida 33308, during the applicable statute of limitations. Defendant committed federal and state

minimum wage violations because it failed to provide Servers and Bartenders with sufficient statutorily required tip notice, and compensated Servers and Bartenders at the reduced wage notwithstanding that Servers and Bartenders are required to spend more than 20% of their workweek performing non-tipped duties and side work. Defendants have also violated state and federal law by claiming a tip credit during shifts when Servers and Bartenders are required to spend 30 or more continuous minutes on side work and non-tipped duties. As a result, Plaintiff, and similarly situated Servers and Bartenders have been denied federal and state minimum wages during various workweeks within the relevant time period.

## **PARTIES**

2.      During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant Servers and/or Bartenders who worked for Defendant within the last three (3) years at the Black Rock Bar & Grill located at 6200 North Federal Highway, Fort Lauderdale, Florida 33308.

4.      Plaintiff and the **FMWA putative class members** are/were restaurant Servers and Bartenders who worked for Defendant within the last five (5) years at Black Rock Bar & Grill located at 6200 North Federal Highway, Fort Lauderdale, Florida 33308.

5.      Plaintiff worked for Defendant as a Server and Bartender at Black Rock Bar & Grill at 6200 North Federal Highway in Fort Lauderdale, Florida, from on or about August 19, 2022, until on or about August 24, 2022.

6.      The proposed collective and class members worked for Defendant in the same capacity as Plaintiff in that they were restaurant Servers and/or Bartenders for Defendant at the

exact same Black Rock Bar & Grill restaurant located at 6200 N. Federal Highway, Fort Lauderdale, Florida 33308.

7. Plaintiff seeks certification of three (3) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Notice Collective**: All servers and bartenders who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.
>
> **80/20 Collective**: All servers and bartenders who worked for Defendant during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable minimum wage for this work.
>
> **Substantial Side Work Collective**: All servers and bartenders who worked for Defendant on or after December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.

8. Plaintiff seeks certification of three (3) separate classes under Fed. R. Civ. P. 23, the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

> **Tip Notice Class**: All servers and bartenders who worked for Defendant within the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.
>
> **80/20 Class**: All servers and bartenders who worked for Defendant within the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable Florida minimum wage.
>
> **Substantial Side Work Class**: All servers and bartenders who worked for Defendant on or after December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.

9.      The precise size and identity of each collective and class should be ascertainable from the business records, tax records, and/or personnel records of Defendants; however, Plaintiff estimates that the total number of class members in each class above exceeds 40 restaurant Servers and Bartenders.

10.      During all times material hereto, Defendant was a Florida limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

11.      During all times material hereto, Defendant owned, operated, and controlled the Black Rock Bar & Grill located at 6200 North Federal Highway Ft. Lauderdale, Florida 33308.

12.      Defendant was the "employer" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA and FMWA, during all times pertinent to the allegations herein.

13.      During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Black Rock Bar & Grill located at 6200 North Federal Highway Ft. Lauderdale, Florida 33308.

14.      Defendant implemented uniform pay, tip, and time-keeping practices at the Black Rock Bar & Grill that apply to all restaurant Servers and Bartenders.

15.      Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant Servers and Bartenders.

## JURISDICTION AND VENUE

16.       This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendant, injunctive relief, and reasonable attorney's fees and costs.

17.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367

18.     The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

19.     Defendant regularly transact business in Broward County, Florida, and jurisdiction is therefore proper.

20.     Venue is also proper within Broward County, Florida.

21.     Plaintiff fulfilled all conditions precedent required to bring her class action claims under the FMWA.

22.     More specifically, on or about September 19, 2022, Plaintiff, through her counsel, served Defendant with a written pre-suit demand and notice regarding her FMWA claims, requesting that Defendant pay her and the putative FMWA classes the minimum wages owed to them. Defendant refused to pay Plaintiff and the FMWA classes the full amount to resolve the FMWA claims asserted in the pre-suit notice.

## FLSA COVERAGE

23.     Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24.     During all time periods pertinent hereto, Defendant's employees regularly handled goods such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Blue Moon beer, Coors Light beer, Miller Lite beer, Jack Daniels whiskey, Bloody

Mary mix, honey mustard, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, mahi mahi, salmon, onions, peppers, crab, vinegar sauce, shrimp, beef, steak, potatoes, bread, hot sauce, cheese, marinara sauce, pretzels, buns, nachos, calamari, chicken tenders, jalapenos, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

25.     Defendant had annual gross revenue in excess of $500,000.00 in 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

## GENERAL ALLEGATIONS

26.     Plaintiff worked for Defendant as a restaurant Server and Bartender during her employment period.

## DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT

27.     When Defendant hires Servers and Bartenders it pays these individuals below the applicable federal and state minimum wage but fail to provide the required sufficient notice of the tip credit under federal and Florida law.

28.     During Plaintiff's employment period, Defendant **did not:** (1) provide statutorily required tip notice under federal and/or Florida law; (2) pay the applicable federal and/or Florida minimum wage; or (3) track the time Servers or Bartenders spent performing side work and non-tipped duties.

29.     Plaintiff and the ***Tip Notice Collective*** members are entitled to recover at least federal minimum wage for each hour spent performing work.

30.     Similarly, Plaintiff and the ***Tip Notice Class*** members are entitled to recover at least the Florida minimum wage for each hour spent performing "work.

31.     Moreover, during all times material hereto, Defendant claimed a tip credit under federal and Florida law and paid Plaintiff and all other Servers and Bartenders the reduced wage for tipped employees, including during shifts when they spent a substantial amount of continuous time performing directly supporting side work and/or non-tipped duties for 30 or more minutes.

**<u>DEFENDANT REQUIRES PLAINTIFF AND SIMILARLY SITUATED SERVERS AND BARTENDERS TO SPEND MORE THAN 20% OF THE WORKWEEK ON NON-TIPPED DUTIES AND SIDE WORK</u>**

32.     Federal law prohibits employers from taking a tip credit when an employee performs non-tip generating duties for more than 20% of their workweek.  <u>Rafferty v. Denny's Inc.</u>, 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant servers and bartenders spend 20% or more of any respective workweek on non-tip generating duties and side work, they must be paid the full applicable minimum wage, as opposed to the reduced minimum wage for tipped employees.  *Id.*

33.     Defendant claimed a tip credit for all of Plaintiff's work, including training and during workweeks in which Plaintiff spent more than 20% of her time on non-tip producing duties and side work.

34.     Upon information and belief, Defendant paid Servers and Bartenders the reduced cash wage of $5.54 per hour in 2020, $5.63 per hour from January 1, 2021, through September 29, 2021, and $6.98 per hour from September 30, 2021, through September 29, 2022, and $7.98 from September 30, 2022, through the present.

35.     Prior to opening the restaurant, for period of more than thirty (30) continuous minutes – Defendant instructed Plaintiff and all other similarly situated restaurant Servers and Bartenders to unstack chairs, wipe down surfaces, prepare lights and signs, prepare and stock server stations, clean glasses, cut fruit, fill salt and pepper shakers, roll silverware, set tables, clean

the beverage stations, clean tables, clean condiments, clean the outside of the restaurant, sweep the floor, make coffee, brew tea, make drinks, and perform additional side work and "non-tipped" duties which are merely incidental or completely unrelated to the employees' tipped duties.

36.     Furthermore, prior to the restaurant opening to the public, Servers and Bartenders were paid the reduced wage, even though the restaurant was closed, and its employees could not earn any tips.

37.     When working a closing shift, Plaintiff and all other similarly situated Servers and Bartenders are required to remain at the restaurant after the kitchen is closed and customers have left for more than 30 continuous minutes.

38.     Throughout their shifts, Plaintiff and the putative class and collective members were required to perform the same "non-tipped" duties side work as outlined in the preceding paragraphs.

39.     At a minimum, Plaintiff and other Servers and Bartenders spent more than 20% of the workweek performing non-tipped duties and side work.

40.     As a result, Plaintiff and members of the putative collectives and classes are entitled to recover the applicable tip credit for the time they spent performing "non-tipped" incidental duties and side work during each workweek, as opposed to the reduced wage they received.

41.     Plaintiff and the ***80/20 Collective*** members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

42.     Similarly, Plaintiff and the ***80/20 Class*** members are entitled to recover at least the Florida minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

**DEFEENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS AND
BARTENDERS TO SPEND 30 OR MORE CONTINUOUS MINUTES ON NON-TIPPED
DUTIES AND SIDE WORK DURING EACH SHIFT**

43.     Directly supporting side work and non-tipped work which take 30 or more continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

44.     Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend 30 or more continuous minutes on non-tipped duties and side work.

45.     During all times material hereto, Defendant required Servers and Bartenders to arrive at opening shifts more than 30 minutes before the restaurant was open to the public.[1]

46.     Moreover, during all times material hereto, Defendant required Servers and Bartenders to perform side work and non-tipped duties for 30 or more continuous minutes at the end of closing shifts, often when servers and bartenders did not have any customers and the restaurant was closed to the public.

47.     Plaintiff and the ***Substantial Side Work Collective*** members are entitled to recover at least federal minimum wage for each the time spent performing "non-tipped" duties and side work which equals or exceeds 30 continuous minutes per shift.

48.     Plaintiff and the ***Substantial Side Work Class*** members are entitled to recover at least the Florida minimum wage for the time spent performing "non-tipped" duties and side work which equals or exceeds 30 continuous minutes per shift.

---

[1] On information and belief, the restaurant typically opens to the public at approximately 3pm on weekdays and 11am on weekends.

## CLASS ALLEGATIONS

49.     Class members are treated equally and similarly at the Black Rock Bar & Grill restaurant owned and operated by Defendant, in that they were never provided the required statutory tip notice under Florida law.

50.     Class members are treated equally and similarly at the Black Rock Bar & Grill restaurant that is owned and operated by Defendant, in that at least forty (40) putative class members were not provided the required tip notice under Florida law during the past five (5) years.

51.     Class members are treated equally and similarly at the Black Rock Bar & Grill restaurant that is owned and operated by Defendant, in that they were denied state minimum wages when they spent more than 20% of a workweek performing "non-tipped" duties and side work.

52.     Class members are treated equally and similarly at the Black Rock Bar & Grill restaurant owned and operated by Defendant, in that they were denied state minimum wages during shifts when they were required to spend 30 or more continuous minutes on non-tipped duties and side work.

53.     Defendant employed at least forty (40) Servers and Bartenders at their restaurant who were required to spend at least 20% of their workweek performing non-tipped duties and side work during the past five (5) years.

54.     Defendant employed at least forty (40) Servers and Bartenders at their restaurant who were required to spend at least 30 continuous minutes per shift on non-tipped duties and side work during any shift on or after December 28, 2021, through the present.

55.     At all times material hereto, Defendant had express or constructive knowledge of the work performed by Plaintiff and other similarly situated Servers and Bartenders.

56.     Moreover, at all times material hereto, Defendant had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

57.     Plaintiff and the class members performed the same or substantially similar job duties for Defendant at their restaurant, as restaurant Servers and Bartenders, and were otherwise paid in an identical manner by Defendant.

58.     During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendant took no action to stop their illegal pay practices.

59.     Although Defendant was aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

## COUNT I – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (TIP NOTICE CLASS)

60.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 60 as though set forth fully herein.

61.     Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage but failing to provide Plaintiff and putative class members the statutorily required tip notice within the past 5 years.

62.     Defendant therefore forfeits any tip credit under Florida law and owes each Server and Bartender *at least* $3.02 for each hour of work they performed within the past 5 years.

63.     On or about September 19, 2022, Plaintiff served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of all similarly situated Servers and Bartenders.

64.     More than 15 days have elapsed since Plaintiff served Defendant with her written pre-suit Notice and Defendant has failed to tender full payment to Plaintiff and the class.

65.     In 2020, the Florida Minimum Wage was $8.56 per hour.

66.     From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

67.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

68.     From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

69.     Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the FMWA and Florida Constitution.

70.     Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages:

> **All servers and bartenders who worked for Defendant during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

### RULE 23 CLASS ALLEGATIONS

71.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

72.     The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on  Defendant's

failure to provide Plaintiff and similarly situated Servers and Bartenders proper notice of Defendant's intent to rely upon a tip credit under Florida law.

73.     *Numerosity:* Defendant employed in excess of 40 Servers in the class during the past five (5) years who were not provided the required tip notice; nevertheless, Defendant claimed a tip credit for these employees. Given Defendant's considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

74.     Plaintiff and the class members were subject to the same employment policies.

75.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Tip Credit Class were "employees" of Defendant; (b) Whether Plaintiff and the Tip Credit Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Florida minimum wages as required under Florida law; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Notice Class based upon Defendant's conduct.

76.     *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from Defendant's company-wide policy of paying all servers and bartenders a reduced wage without providing statutorily required notice of taking a tip credit.

77.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.   Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

78.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

79.    Defendant has acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole.  Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

80.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

81.    Plaintiff and the Tip Notice Class members performed the same job duties, as Servers and Bartenders, and were paid in an identical manner by Defendant based on Defendant's failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when Defendant claimed a tip credit.

82.     Plaintiff and the Tip Notice Class members were not paid proper Florida minimum wage during the relevant time period.

83.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

84.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Notice Class members exceeds 40 servers and bartenders.

85.     This action is intended to include each and every Server and/or Bartender who worked at Defendant's restaurant, during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

86.     During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt employees of Defendant.

87.     Plaintiff and the Tip Notice Class members performed work as Servers and Bartenders which was an integral part of Defendant's business.

88.     Defendant violated the FMWA and Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite tip credit notice.

89.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked.

90.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

91.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

92.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

93.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

94.     The relief sought is common to the entire class including, inter alia: (a) Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; (b) Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations; (c) Payment by Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

95.     Plaintiff and the Tip Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the FMWA and Florida Constitution.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 5th BITE OF THE APPLE LLC, individually, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendants, to be paid by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP NOTICE COLLECTIVE)

96.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 60 as though set forth fully herein.

97.     Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

98.     Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers and Bartenders with requisite notice of the tip credit required under federal law.

99.     Plaintiff and the putative collective of servers and bartenders are therefore entitled to receive full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

100.     Defendant knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wage, contrary to the FLSA.

101.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

102.     Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 5th BITE OF THE APPLE LLC, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendants, payable jointly and severally; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

### COUNT III – FED. R. CIV. P. 23 CLASS ACTION
### FOR FLORIDA MINIMUM WAGE VIOLATIONS
#### (80/20 CLASS)

103.     Plaintiff hereby re-avers Paragraphs 1 through 60 as though set forth fully herein.

104.     Defendant claimed a tip credit under Florida law for each hour of work performed by Plaintiff and all other Servers and Bartenders during the previous five (5) years (including training periods).

105.     Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid Florida's full minimum wage during their employment with Defendant.

106.     Plaintiff and the proposed class members were subjected to similar violations of Florida law as a result of Defendant's failure to pay them the full state minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

107.     Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following class for Defendants' failure to pay constitutionally mandated state minimum wages:

> **All servers and bartenders who worked for Defendant during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable Florida minimum wage.**

### RULE 23 CLASS ALLEGATIONS

108.     Plaintiff brings her FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class.

109.     The putative 80/20 Class members are treated equally and similarly by Defendant, in that they were denied Florida minimum wages based upon the Defendant requiring Plaintiff and similarly situated servers and bartenders to spend more than 20% of their workweek performing non-tipped duties and side work.

110.     *Numerosity:* Defendant employed at least 40 servers and bartenders at their restaurant during the past five (5) years who were required to spend at least 20% of their workweek performing non-tipped duties and side work and were not paid the pertinent Florida minimum wage.  Given Defendant's size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

111.     Plaintiff and the 80/20 Class members were victims of the same policies, including Defendant's requirement that employees spend at least 20% of each workweek performing non-tipped duties and side work.

112.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class,

including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the 80/20 Class members were "employees" of Defendant; (b) Whether Plaintiff and the 80/20 Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the 80/20 Class under the FMWA and Florida Constitution by failing to compensate the putative class the full state minimum wage when they spent more than 20% of their workweek performing non-tipped duties and side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the 80/20 Class Florida minimum wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll and time keeping practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the 80/20 Class.

113.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the 80/20 Class. Plaintiff's claims arise from the Defendant's company-wide policy of requiring all servers and bartenders to spend more than 20% of their workweek on non-tipped duties and side work without being paid the full applicable Florida minimum wage.

114.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class. Plaintiff has no interest that might conflict with the interests of the 80/20 Class. Plaintiff is determined to pursue her claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

115.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

116.    Defendant acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole.  Prosecution of separate actions by individual members of the 80/20 Class would create the risk of varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendant.

117.    The identity of the 80/20 Class is readily identifiable from Defendant's records.

118.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the 80/20 Class.

119.    Plaintiff and the 80/20 Class members performed the same job duties, as restaurant servers and bartenders, and were paid in an identical manner by Defendant based on Defendant requiring restaurant servers and bartenders to spend more than 20% of shifts and workweeks on non-tipped duties and side work without paying the restaurant servers and bartenders at least the full applicable Florida minimum wage.

120.    Plaintiff and the 80/20 Class members were not paid proper Florida minimum wages when their non-tipped duties and side work exceeded 20% of any workweek within the statute of limitations.

121.    Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

122.     This action is intended to include each and every restaurant server and bartender who worked for Defendant at their restaurant during the past five (5) years who was required to spend more than 20% of their workweek performing non-tipped duties and side work.

123.     During all material times hereto, Plaintiff and all 80/20 Class members are/were non-exempt employees of Defendant.

124.     Restaurant servers' and bartenders' work for Defendants is an integral part of Defendant's business.

125.     Defendant violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative class members at least Florida's minimum wage for all hours worked.

126.     In 2020, the Florida minimum wage was $8.56 per hour.

127.     From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

128.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

129.     From September 30, 2023, through the present, the Florida Minimum Wage is/was $11.00 per hour.

130.     During their employment, Plaintiff and one or more of the 80/20 Class members complained about the illegal practices above; however, Defendant took no action to stop any of the illegal practices.

131.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand before this claim was filed.

132.    More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff and the putative 80/20 Class for the minimum wages owed.

133.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

134.    Furthermore, even if every member of the 80/20 Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

135.    The relief Plaintiff seeks is common to the entire class including, inter alia: (a) Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (b) Payment by the Defendant of liquidated damages caused by their intentional and/or willful failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (c) Payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

136.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the 80/20 Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 5th BITE OF THE APPLE LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum

wages payable by Defendant; (b) the tip credit unlawfully taken by Defendants; (c) an equal amount of liquidated damages, payable by Defendant; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT IV - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 COLLECTIVE)

137.    Plaintiff hereby re-avers Paragraphs 1 through 60 as though set forth fully herein.

138.    Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

139.    Defendant claimed a tip credit for each hour of work for Plaintiff and all other Servers and Bartenders during all times material hereto (including training periods).

140.    However, Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant's failure to pay them the full minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

141.    Defendant willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

142.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

143.    Defendant's willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 5th BITE OF THE APPLE LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages payable by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages payable by Defendant; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA payable by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### COUNT V – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS (SUBSTANTIAL SIDE WORK CLASS)

144.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 60 as though set forth fully herein.

145.    Defendant claimed a tip credit for each hour of work performed by Plaintiff and all other Servers and Bartenders during all times material hereto (including the training period).

146.    Plaintiff and all other similarly situated servers and bartenders are/were entitled to be paid full Florida minimum wage for each hour worked during their employment with Defendant.

147.    Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following Substantial Side Work Class because of Defendants' failure to pay Florida's constitutionally mandated minimum wages:

**All servers and bartenders who worked for Defendant on or after December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.**

148.    Pursuant to state and federal law, any side work consisting of thirty (30) or more continuous minutes is considered "substantial" side work and must be paid at the full applicable minimum wage.

149.    Moreover, state and federal law forbids employers from claiming a tip credit whenever tipped employees are required to spend substantial time on side work and non-tipped duties.

150.    Defendant refused to compensate Plaintiff and all other servers and bartenders the full Florida minimum wage, including during shifts when they were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work.

151.    Defendant required Plaintiff all other servers and bartenders to arrive at opening shifts at least 30-minutes to 1-hour before Defendant's restaurant opened to the public. During this time, Defendant claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other servers and bartenders less than the applicable state minimum wage.

152.    Moreover, Defendant required Plaintiff all other servers and bartenders to spend a minimum of 30-minutes to 1-hour during each closing shift on side work and non-tipped duties, including when the restaurant's kitchen was closed and when tipped employees could not earn tips. During this time, Defendant claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other servers and bartenders less than the applicable state minimum wage.

153.    Because Plaintiff and all other similarly situated employees were forced to spend at least thirty (30) continuous minutes each shift on side work and non-tipped duties, Defendant are not permitted to take the applicable tip credit for this work and committed categorical Florida minimum wage violations when these regulations went into effect on December 28, 2021.

## RULE 23 CLASS ALLEGATIONS

154.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all restaurant servers and bartenders who worked for Defendant at their restaurant since December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.

155.    The putative Substantial Side Work Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon the Defendant's class-wide requirement for servers and bartenders to spend thirty (30) or more continuous minutes on non-tipped duties and side work during each shift.

156.    *Numerosity:* Defendant employed at least 40 restaurant servers and bartenders at their restaurant since December 28, 2021, who were not paid Florida minimum wages as a result Defendant's requirement that these employees spend thirty (30) or more continuous minutes during each shift on non-tipped duties and side work.  Given Defendant's size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

157.    Plaintiff and the Substantial Side Work Class members were victim to the same employment policies, including Defendant's requirement for these employees to spend thirty (30) or more continuous minutes during each shift on non-tipped duties and side work.

158.    *Commonality:* Common questions of law and fact exist as to all members of the Substantial Side Work Class and predominate over any questions solely affecting any individual member of the Substantial Side Work Class, including Plaintiff.  Such questions common to the Substantial Side Work Class include, but are not limited to, the following: (a) Whether Plaintiff and the Substantial Side Work Class were "employees" of Defendant; (b) Whether Plaintiff and

the Substantial Side Work Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Substantial Side Work Class under the Florida Minimum Wage Act and Florida Constitution by requiring servers and bartenders to spend thirty (30) or more continuous minutes on non-tipped duties on side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Substantial Side Work Class Florida minimum wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper time-keeping and payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Substantial Side Work Class based upon Defendant's conduct.

159.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Substantial Side Work Class.   Plaintiff's claims arise from the Defendant's company-wide requirement for servers and bartenders to spend thirty (30) or more continuous minutes on non-tipped duties and side work each shift.

160.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substantial Side Work Class.  Plaintiff has no interest that might conflict with the interests of the Substantial Side Work Class.  Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

161.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

162.    Defendant has acted on grounds generally applicable to the Substantial Side Work Class, thereby making relief appropriate with respect to the Substantial Side Work Class as a whole.  Prosecution of separate actions by individual members of the Substantial Side Work Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Substantial Side Work Class that would establish incompatible standards of conduct for Defendant.

163.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substantial Side Work Class.

164.    Plaintiff and the Substantial Side Work Class members performed the same job duties, as restaurant servers and bartenders, and were paid in an identical manner by Defendant. Defendant requires all servers and bartenders to spend substantial time on non-tipped duties and side work during each shift, including 30 or more continuous minutes during opening and closing shifts when Defendant's restaurant is not open to the public. This caused state minimum wage violations during various workweeks after December 28, 2021.

165.    Defendant was aware of the requirements of the FMWA and Florida Constitution's Minimum Wage Amendment, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substantial Side Work Class members in accordance with the law.

166.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff

estimates that the total number of putative Substantial Side Work Class members exceeds 40 restaurant servers and bartenders.

167.     This action is intended to include each and every restaurant server and bartender who worked for Defendant since December 28, 2021, who was required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.

168.     During all material times hereto, Plaintiff and all Substantial Side Work Class members were non-exempt server and bartender employees of Defendant.

169.     Plaintiff and the Substantial Side Work Class members performed work as restaurant servers and bartenders which was integral to Defendant's business operations.

170.     Defendant violated the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative Substantial Side Work Class members at least Florida's minimum wage for some hours worked.

171.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

172.     From September 30, 2023, through the present, the Florida Minimum Wage is/was $11.00 per hour.

173.     The additional persons who may become Plaintiffs in this action are servers and bartenders who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift after December 28, 2021.

174.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand letter before this claim was filed.

175.   More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff and the putative Substantial Side Work Class their Florida minimum wages.

176.   The relief sought is common to the entire class including, inter alia: (a) Payment by the Defendant of actual damages caused by their failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act; (b) Payment by the Defendant of liquidated damages caused by their failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act as a result of Defendant's intentional and/or willful violations; (c) Payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

177.   As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Substantial Side Work Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work after December 28, 2021.

178.   Defendant's willful and/or intentional violations state law entitle Plaintiff and the putative Substantial Side Work Class members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 5th BITE OF THE APPLE LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages payable by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages, payable by Defendant; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 payable by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT VI – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(SUBSTANTIAL SIDE WORK COLLECTIVE)**

179.     Plaintiff re-alleges and re-avers Paragraphs 1 through 60 as though fully set forth herein.

180.     Defendant claimed a tip credit under federal law for each hour of work for Plaintiff and all other Servers and Bartenders during the relevant time period.

181.     Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for all hours worked during their employment with Defendant.

182.     Plaintiff seeks recovery of federal minimum wages under 29 U.S.C. § 216(b) for herself all other similarly situated Servers and Bartenders who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any workweek after December 28, 2021.

183.     Defendant violated the FLSA because they required Servers and Bartenders to spend thirty (30) or more continuous minutes on non-tipped duties and side work.

184.     Defendant required Plaintiff and all other Servers and Bartenders to spend substantial time working on tip supporting work, side work and non-tipped duties and claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

185.     Because Plaintiff and all other similarly situated employees were forced to spend thirty (30) or more continuous minutes on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law.

186.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

187.    Defendant's willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 5th BITE OF THE APPLE LLC, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages payable by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages payable by Defendant; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA payable by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### COUNT VII – FEDERAL MINIMUM WAGE VIOLATIONS

188.    Plaintiff re-alleges and re-avers Paragraphs 1 through 60 as though fully set forth herein.

189.    Plaintiff was entitled to be paid full federal minimum wage for one or more hours worked during her employment with Defendant.

190.    In one or more workweeks of Plaintiff's employment the Defendant failed to pay Plaintiff for all hours worked resulting in federal minimum wage violations.

191.    Plaintiff seeks recovery of federal minimum wages under 29 U.S.C. § 216(b).

192.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work.

193.    Defendant's willful and/or intentional violations of entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ZEPHANEAH RENTON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 5th BITE OF THE APPLE LLC, and award Plaintiff: (a) unliquidated federal minimum wages payable by Defendant; (b) an equal amount of liquidated damages payable by Defendant; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA payable by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ZEPHANEAH RENTON, on behalf of herself and each collective and class demands a trial by jury on all appropriate claims.

**Date: November 9, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 9, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 1018372

## <u>SERVICE LIST</u>

**SCOTT BASSMAN, ESQ.**
Florida Bar No. 232180
scott.bassman@csklegal.com
**MELISSA SCOTT, ESQ.**
Florida Bar No. 1010123
melissa.scott@csklegal.com
COLE SCOTT & KISSANE, P.A.
110 Tower, 110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Tel: (954) 703-3700
Fax: (954) 703-3701
*Counsel for Defendant*